UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFREY N. HENK,

    Plaintiff,

v.

CITY OF WARSAW *et al.*,

    Defendants.

CAUSE NO. 3:25cv772 DRL-SJF

OPINION AND ORDER

Jeffrey Henk sued Officer Cody Mangun and the City of Warsaw after he was arrested at his home. He alleges violations of the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). The City moves to dismiss the *Monell* claim under Federal Rule of Civil Procedure 12(b)(6). The court grants the City's motion, leaving the case to proceed against Officer Mangun.

BACKGROUND

The court assumes the well-pleaded facts as true for the purpose of this motion. On April 18, 2024, Officer Mangun, along with other Warsaw Police Department officers, arrived at Mr. Henk's residence in response to report of a verbal exchange between Mr. Henk and his neighbor [1 ¶ 7-9]. After Mr. Henk demanded the officers leave and turned to retreat into his home, Officer Mangun allegedly tackled him inside the home with assistance from other officers and arrested him [*id.* ¶ 11-15].

Mr. Henk says he was held for approximately 48 hours before release [*id.* ¶ 16]. He was prosecuted in Kosciusko Superior Court for multiple offenses, including resisting law enforcement causing bodily injury and public intoxication [*id.* ¶ 17]. He says the state court

dismissed the charges upon finding that law enforcement lacked reasonable suspicion that a crime had been or was about to be committed and had no justification for the warrantless entry or his detention [*id.* ¶ 18-19].

Mr. Henk alleges Officer Mangun used unreasonable force against him, unlawfully seized him, unlawfully arrested him, and caused him to be subjected to criminal prosecution without probable cause in violation of the Fourth and Fourteenth Amendments [*id.* ¶ 21-25]. He also alleges the City, by and through its police department, "maintained policies, customs, or practices that caused the constitutional violations, including failure to train, supervise, and discipline officers regarding warrantless entry, probable cause requirements, and use of force" [*id.* ¶ 27]. This brings the court to the City's motion to dismiss.

## STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

DISCUSSION

Mr. Henk alleges that Officer Mangun and the City violated his constitutional rights under 42 U.S.C. § 1983. Section 1983 serves as a procedural vehicle for lawsuits "vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Often to plead a § 1983 claim, a plaintiff must plausibly allege that he was "deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). But a municipality can be held liable under § 1983 only if "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 436 U.S. at 694.

Mr. Henk must plead facts that plausibly show that (1) he suffered a deprivation of a federal or constitutional right (2) as a result of an express policy, a widespread custom, or a deliberate act of a decisionmaker with final policymaking authority (3) that was the cause (moving force) of his injury and (4) that exhibits municipal fault. *See Stewardson v. Titus*, 126 F.4th 1264, 1279 (7th Cir. 2025); *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023). Mr. Henk alludes to two theories in his complaint—one that the City "maintained policies, customs, or practices" that caused the violation of his constitutional rights, and another that the City failed to train its officers adequately [1 ¶ 27].

The official policy requirement distinguishes the City's acts from the acts of its employees and thereby ensures the City's liability "is limited to action for which [it] is actually responsible.'" *Est. of Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). Only a rare case will permit one act to mean plausibly that a municipality had a widespread custom or express practice. A plaintiff typically "must show more

3

than the deficiencies specific to his own experience," *Daniel v. Cook Cnty.*, 833 F.3d 728, 734 (7th Cir. 2016), and often through a "specific pattern or series of incidents that support the general allegation of a custom or policy," *Hollins v. City of Milwaukee*, 574 F.3d 822, 827 (7th Cir. 2009).

*Monell* liability based on the second theory—failure to train—can only occur when the failure amounts to deliberate indifference. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). In this context, that is what it means to illustrate municipal fault. When a municipality acts or directs an employee to act in a way that facially violates a federal right, municipal fault may be easily established; whereas when a plaintiff alleges that a municipality has not directly violated a right but caused or induced an employee to do so, then a plaintiff must plausibly allege the municipality's deliberate indifference. *First Midwest Bank v. City of Chi.*, 988 F.3d 978, 986-87 (7th Cir. 2021). Deliberate indifference also tends to presuppose a "pattern of similar constitutional violations by untrained employees," *Connick v. Thompson*, 563 U.S. 51, 62 (2011), though "a single violation can suffice [when] a violation occurs and the plaintiff asserts a recurring, obvious risk," *Flores v. City of S. Bend*, 997 F.3d 725, 731 (7th Cir. 2021).

Mr. Henk alleges violations of his Fourth and Fourteenth Amendment rights arising from his arrest and detention. Today's motion doesn't challenge whether the officer's conduct violated a constitutional right. Instead, the City argues that Mr. Henk hasn't adequately pleaded a basis for municipal liability. The court agrees.

In fairness, this is a barebones and conclusory complaint when it comes to municipal liability. Mr. Henk merely alleges that the City had "policies, customs, or practices" that caused constitutional violations, and that among them included a failure to train. The complaint offers nothing (aside the conclusion) that would suggest the alleged violations were anything but an

isolated incident involving one officer. *See McCauley*, 671 F.3d at 617-18 (court may disregard legal conclusions or mere pleading of elements). Mr. Henk articulates nothing that would suggest his is a rare case in which his situation alone would suffice to establish municipal liability, much less how any unspecified custom or policy caused his deprivation. Nor does the complaint allege a failure-to-train theory that plausibly displays the City's deliberate indifference, *see Harris*, 489 U.S. at 388, a pattern of the same or similar constitutional violations by untrained Warsaw Police Department officers, *see Connick*, 563 U.S. at 62, or a "recurring, obvious risk" that a violation will occur again, *Flores*, 997 F.3d at 731. The complaint offers a generic conclusion only.

The court appreciates the point that a plaintiff may lack specific details about the municipality's internal policies and training procedure at the pleading stage. That perhaps just illustrates that today no plausible basis exists to allege such a theory and recalls the difference between Rule 8 and Rule 15. To be sure, Rule 8 pleading remains lenient. *See* Fed. R. Civ. P. 8(a)(2); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). There is no heightened standard for cases alleging municipal liability. *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *White v. City of Chi.*, 829 F.3d 837, 843-44 (7th Cir. 2016). But Rule 8 demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," and more than a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678; *see also Brooks*, 578 F.3d at 581 ("courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."); *McCauley*, 671 F.3d at 616 (must "provide some specific facts to support the legal claims asserted in the complaint") (cleaned up). To the extent Mr. Henk worries whether discovery might reveal something, then Rule 15 becomes his answer—

5

his ability to be freely given the opportunity to amend if or when he has something plausible to say. That isn't today.

## CONCLUSION

Accordingly, the court GRANTS the City of Warsaw's motion to dismiss [7] and DISMISSES the *Monell* claim (count 2) without prejudice. This ruling terminates the City of Warsaw as a defendant. The case proceeds for now against Officer Mangun alone.

SO ORDERED.

March 3, 2026 *s/ Damon R. Leichty*
Judge, United States District Court